10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 0 4 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DAVID C. RIVERA, | § | |
| Petitioner | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-98-125 |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner David C. Rivera, ("Rivera") has filed a habeas petition pursuant to 28 U.S.C. §2254. Respondent Johnson has filed a Motion to Dismiss Pursuant to 28 U.S.C. 2244(d).

For the reasons stated below, the Respondent's Motion to Dismiss should be granted.

## BACKGROUND

On June 27, 1995, Rivera was convicted on two counts of aggravated assault of a child and was sentenced to sixteen years imprisonment. Rivera filed timely notice of appeal, but did not file a statement of facts or an appellate brief.

Rivera filed two previous state habeas corpus petitions, both of which were denied. The Thirteenth Court of Appeals affirmed Rivera's conviction. *Rivera v. State,* Slip op. No. 13-95-393-CR (Tex. App. - Corpus Christi 1997); *See also Ex parte Rivera,* Application No. 31,898-02 at 37-39 (Copy of Court of Appeals opinion.) He now brings a federal petition for habeas corpus.

## THE §2254 PETITION

Rivera alleges the following grounds in his §2254 petition:
1. He was denied effective assistance of counsel because his trial attorney:
    a. Failed to file motions or investigate the offense;

1

    b.    Failed to call or subpoena witnesses;

    c.    Failed to investigate the circumstances of the Complainant's purported waiver of prosecution;

    d.    Failed to investigate the doctor's report that showed the Complainant's stepfather had sexually assaulted the Complainant; and

    e.    Failed to object to the evidence contained in the doctor's report.

2. The Complainant was coerced into pressing charges by the detective investigating the offense;

3. The state failed to disclose exculpatory evidence.

4. Complainant's arrest was unconstitutional because it was based on his coerced testimony.

5. Rivera was denied effective assistance of counsel at the appellate level because his attorney:[1]

    a.    abandoned the case after the giving notice of appeal; and

    b.    did not contact him after the trial.

6. The Court of Appeals was in error by:[1]

    a.    Denying Rivera additional time to file his statement of facts;

    b.    Finding that Rivera's trial counsel had not abandoned him;

    c.    Finding Rivera non-indigent and thus, denying him appointed counsel on appeal;

    d.    Refusing to let Rivera proceed in forma pauperis; and

    e.    Ruling on Rivera's motion for habeas corpus knowing that petitioner was unaware that his appeal was proceeding, thus prejudicing his federal habeas action.

## RECOMMENDATION

Rivera's petition should be dismissed because it is time barred. The Antiterrorism and

---

[1] Grounds added by Petitioner's Amended Petition.

Effective Death Penalty Act of 1996 (AEDPA) states that a person in custody may not apply for a writ of habeas corpus more than one year after the date judgment became final by either conclusion of a direct review, or by expiration of the time for seeking such review. *See* §28 U.S.C. §2244 (d)(1)(A) (West 1998).

A party must file their statement of facts within sixty (60) days of sentencing. TEX. R. APP. P. 54 (Vernon's 1994); *Currently* TEX. R. APP. P. 35.2. Rivera was sentenced by the trial court on August 24, 1995. However, Rivera did not file his statement of facts within sixty days of sentencing as required by TEX. R. APP. P. 35.2. As such, his conviction became final on October 23, 1995. Thus, Rivera would have had to file his federal petition by October 23, 1996. As Rivera delivered his Federal writ on June 18, 1998, his petition would be barred.

However, the Fifth Circuit held that a petitioner whose conviction preceded AEDPA is entitled to a reasonable amount of time from the date AEDPA was passed, April 24, 1996, to bring their habeas petition. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998). The Court in *Flores* explained that the reasonable time period ran for one year: from April 24, 1996, to April 24, 1997. *Flores*, 135 F.3d at 1005. Although Rivera is entitled to this reasonable time because his conviction preceded AEDPA, he delivered his Federal writ on June 18, 1998; well beyond the grace period. Thus, his claim is still time barred.

Rivera had also brought two state habeas petitions. §2244(d)(2) states that the one year limitation period is tolled when a state post-conviction review is pending. §28 U.S.C. 2244(d)(2)(West 1998). Furthermore, the Fifth circuit has held that the reasonable time period is likewise tolled while the state case is being reviewed. *Fields v. Johnson*, 1998 WL 754901 at *3 (5th Cir. 1998).

Rivera brought his first state petition on July 24, 1996. It was denied on October 9, 1996; a total of seventy-seven (77) days. Rivera's second state petition was filed on January 15, 1998; outside both the one year limitation and the reasonable time period; thus, the second state petition does not toll either time period.

As such, the latest possible date for Rivera to file his habeas petition is July 10, 1997; seventy seven days past the reasonable time deadline of April 24, 1997. Since Rivera did not file his federal petition until June 18, 1998, his habeas action is time barred.

3

IT IS THEREFORE RECOMMENDED that Respondents Motion To Dismiss be **GRANTED.**

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judges report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 4th day of May, 1999.

Felix Recio
United States Magistrate Judge

4